IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HAYWARD PATTERSON,     PLAINTIFF
ADC #145893

v.     NO. 1:13CV00085 JLH/JTR

RYON HENNESSEY, Sergeant,
Grimes Unit, Arkansas Department of Correction     DEFENDANT

## OPINION AND ORDER

Hayward Patterson is a prisoner in the Grimes Unit of the Arkansas Department of Correction. He has filed a *pro se* section 1983 complaint alleging that defendant Sergeant Ryon Hennessey violated his constitutional rights.

The Prison Litigation Reform Act requires federal courts to screen complaints filed by prisoners. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Patterson alleges that, on March 4, 2013, Hennessey violated his constitutional rights by searching his punitive isolation cell for contraband. Document #2. It, however, is well settled that prisoners do not have a legitimate expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 529-30 104 S. Ct. 3194, 3202, 82 L. Ed. 2d 393 (1984); *United States v. Hogan*, 539 F.3d 916, 924 (8th Cir. 2008). Thus, Hennessey did not violate the Fourth Amendment rights when he searched Patterson's cell. *Id.*

Patterson also alleges that, while he was using the toilet in his cell, Hennessey "stared" at him through the cell-door window in a "lustful way" and asked Patterson what he had hidden in his

boxers. Document #2 at 4. Hennessey then ordered Patterson to stand, face toward him, and lift his testicles for a visual inspection. *Id.* Patterson believes that Hennessey violated his Fourth Amendment rights when he did so. *Id.*

The Supreme Court recently held that jailors could visually search unclothed detainees, who had been arrested on minor offenses, even in the absence of a reasonable suspicion that they may be concealing contraband or weapons. *Florence v. Bd. of Chosen Freeholders of the Ctny. of Burlington,* 132 S. Ct. 1510 (2012). Here, according to Patterson's complaint, he was in punitive isolation when the search of which he complains occurred. Patterson's allegations fail to rise to the level of a constitutional violation. *See Franklin v. Lockhart,* 883 F.2d 654, 656-57 (8th Cir. 1989); *Goff v. Nix*, 803 F.2d 358, 364-65 (8th Cir. 1986).

Finally, because Patterson does not allege that Hennessey touched him or engaged in a pattern of harassing conduct, he has also failed to state a viable sexual harassment claim. *Howard v. Everett,* Case No. 99-1277EA, 2000 WL 268493 (8th Cir. March 10, 2000) (unpublished opinion); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (same).

IT IS THEREFORE ORDERED THAT:

1. The complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal constitutes a strike, as defined by 28 U.S.C. § 1915(g).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

DATED this 25th day of September, 2013.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE